THE COUNTY TRUST COMPANY, Respondent, *v.* HUGH J. MOORE, as Sheriff of Essex County, New York, Defendant, Impleaded with HARLEM VALLEY CONSTRUCTION CO., INC., Appellant.

Third Department, October 27, 1937.

*Levine & Levine* [*Albert Levine* of counsel], for the appellant.

*C. Joseph Hyland* [*Ellis J. Staley* of counsel], for the respondent.

RHODES, J. The complaint was originally brought against the defendant sheriff to recover possession of two steam shovels. The chattels in question were purchased by Miller Brothers Construction Company, Inc. (hereinafter referred to as Miller Bros.), a road contractor, from the Thew Shovel Company of Lorain, Ohio, under a conditional sales contract. Miller Bros. executed a chattel mortgage on said property to plaintiff; later it defaulted under the chattel mortgage and thereupon plaintiff demanded possession of the chattels from such construction company, which demand was refused.

In the meantime the Socony Vacuum Oil Company, Inc., claiming to be a creditor of Miller Bros., procured a warrant of attachment, pursuant to which the sheriff seized the chattels. Thereafter the Socony Company obtained judgment on its claim, issued an execution which was placed in the hands of the sheriff with directions to seize and sell goods and chattels of the construction company, and pursuant thereto levy was made upon the chattels which previously had been seized by the sheriff under attachment.

The original vendor had assigned to the appellant Harlem Valley Construction Company, Inc. (hereinafter referred to as Harlem Valley Co.), the conditional sales contracts and all its rights to said chattels. Such assignee claims by virtue of such assignment and also claims that the vendee, being in default under the contract, a sale of the shovels was had by the Harlem Valley Company which purchased said property on said sale and claims to be the owner thereof by virtue of such purchase.

The claims of the contending parties have been asserted before the sheriff, and two different proceedings have been conducted by him to try the conflicting claims of title to the chattels.

Upon the commencement of the present action the defendant Harlem Valley Co. was by order impleaded as a party defendant, and has interposed an answer.

As a defense and counterclaim the defendant Harlem Valley Co. asserts its rights to the chattels as assignee of the conditional sales contract and as purchaser upon the sale under the contract, as hereinbefore outlined, demands judgment for the dismissal of the complaint and for money damages against the plaintiff.

The answer of the sheriff sets forth at length the various proceedings and claims of the contending parties.

After joinder of issue the appellant moved upon the pleadings and affidavits under rules 113 and 114 of the Rules of Civil Practice for summary judgment in its favor and for judgment dismissing the complaint and for an affirmative judgment upon the counterclaim contained in its amended answer besides relief by references and final judgment. The plaintiff cross-motioned, demanding summary judgment in its favor, and the motion resulted in the order now appealed from.

The material allegations of the complaint are denied by the answer of the defendant Harlem Valley Co., and the material allegations of its counterclaim are denied by the reply of the plaintiff.

It is asserted for the plaintiff that necessarily the defendant's claim is subordinate to that of plaintiff. On the other hand, the defendant asserts that the alleged sale under the conditional sales contract was fraudulent and void and that, under the terms of the conditional sales contract, the alleged chattel mortgage was also fraudulent and void. Not only the pleadings but the affidavits in behalf of the respective parties in interest attack the allegations of the opposite party and each denies the truth of the assertions of its opponent.

Numerous other disputed issues of fact are presented which it is not necessary to enumerate. Upon this state of the record a sum-

mary judgment should not have been granted; the involved and disputed issues should be determined only after a trial, where the testimony of witnesses can be heard and weighed.

The order should be reversed.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and defendant's motion denied, with ten dollars costs.